**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ZOMINA MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:26-cv-02412-TLP-atc |
| v. | ) | |
| | ) | JURY DEMAND |
| ZERRICK TAYLOR, Case Manager – | ) | |
| Tennessee Department of Children Services, | ) | |
| and MICHAEL SAULSBERRY, CPS Team | ) | |
| Leader – Tennessee Department of Children | ) | |
| Services, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND
RECOMMENDATION**

On April 13, 2026, pro se Plaintiff Zomina Montgomery sued Defendants Zerrick Taylor

and Michael Saulsberry under 42 U.S.C. § 1983.  (ECF No. 2.)  She also moved to enjoin

Defendants from using certain documents at an upcoming custody hearing.  (ECF No. 4.)  Under

Administrative Order No. 2013-05, the Court referred the case to Magistrate Judge Annie T.

Christoff to manage all pretrial matters.  Judge Christoff issued her Report and Recommendation

("R&R") a week later.  (ECF No. 10.)  She recommends the Court deny injunctive relief and

dismiss the case for lack of subject matter jurisdiction.  (ECF No. 10.)  For the reasons below,

the Court **ADOPTS** the R&R on the issue of injunctive relief but **MODIFIES** the R&R's

disposition by **REFERRING** the case back to Judge Christoff to screen the Complaint under 28

U.S.C. § 1915(e)(2).

**BACKGROUND**

Judge Christoff accurately described the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 10 at PageID 71–72.) The Court briefly recounts Plaintiff's filings and the R&R here.

This case arises out of an ongoing child custody proceeding in the Shelby County Juvenile Court ("Custody Proceeding"). (ECF No. 2.) According to the Complaint and attached exhibits filed under seal,[1] Plaintiff called the Tennessee Department of Children's Services ("DCS") to report concerns she had about her minor child's safety. (*Id.* at PageID 6–9; ECF No. 2-1.) The ensuing DCS investigation led to the Custody Proceeding. Defendant Taylor is the DCS case manager who investigated Plaintiff's report, (*see* ECF No. 2 at PageID 6; ECF No. 2-1 at PageID 13), and Defendant Saulsberry is Taylor's supervisor. (ECF No. 2 at PageID 10.)

Plaintiff alleges Defendants violated her constitutional rights during the DCS investigation and related Custody Proceeding. (*See id.* at PageID 9–10.) Plaintiff contends that Taylor (1) "violated [her] procedural due process rights by intentionally silencing her testimony and suppressing exculpatory evidence," and (2) "committed judicial deception . . . by intentionally withholding the existence" of certain evidence. (*Id.* at PageID 9–10.) And that Saulsberry "had a legal duty to ensure that investigations involving Plaintiff's parental rights were conducted truthfully and that evidence was not suppressed." (*Id.* at PageID 10.) The Complaint seeks declaratory relief that Defendants violated her Fourteenth Amendment rights, injunctive relief, and $50,000,000.00 in damages under § 1983. (*Id.* at PageID 10–11.)

Plaintiff also moved to enjoin a Juvenile Court custody hearing that was set for April 27, 2026. (ECF No. 4 at PageID 1.) She asks the Court to enjoin Defendants "and any state actors

---

[1] The Court will not recount specifics here because the facts concern a minor.

relying upon their officially generated records, from utilizing the fabricated Department of

Children's Services . . . investigative file in the upcoming" custody hearing.  (*Id.*)

Judge Christoff issued her R&R on April 20, 2026.  (ECF No. 10.)  She found that under

the *Younger* abstention doctrine, Plaintiff "must pursue this matter to completion in state court,

and this Court should abstain and dismiss the case for lack of subject matter jurisdiction and

deny her motion for injunctive relief."  (*Id.* at PageID 78.)

## STANDARD OF REVIEW AND OBJECTIONS

A magistrate judge may submit to a district court judge proposed findings of fact and a

recommended ruling on certain dispositive pretrial matters, including motions to dismiss.  *See* 28

U.S.C. § 636(b)(1)(A)–(B).  The parties may object to those proposed findings and

recommendations.  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  The district court

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate [judge] and "may also receive further evidence or recommit the matter to the

magistrate judge with instructions."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).  If

neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P.

72(b) advisory committee's note.  But if there is an objection, the district court reviews the

"properly" objected-to portions of the R&R de novo.  Fed. R. Civ. P. 72(b)(3); *see also* 28

U.S.C. § 636(b)(1).

Objections come with limits.  A party generally cannot raise new arguments or issues in

objections that it did not first present to the magistrate court.  *Dabrowski v. Tubular Metal

Systems, LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) (quoting *Murr v. United States*, 200 4

F.3d 895, 902 n.1 (6th Cir. 2000)).  And parties must object "[w]ithin 14 days after being served

with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

3

636(b)(1).  Further, objections must be "specific."  Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. §

636(b)(1).  "Overly general objections do not satisfy the objection requirement."  *Spencer v.*

*Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.

1995)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v.*

*Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012).  So when a plaintiff submits

only vague, general, or conclusory objections, the district court may review the R&R for clear

error, rather than de novo.  *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).

## I.    Plaintiff's Objections

Plaintiff timely filed two separate documents objecting to the R&R.  (ECF Nos. 11, 17

(replacing ECF No. 13).)  And between those two documents she makes three objections.

Plaintiff argues Judge Christoff erred by (1) recommending that the Court dismiss instead of stay

her claims for monetary damages (ECF No. 11 at PageID 81); (2) labeling her allegations as

"conclusory" (ECF No. 11 at PageID 82–83; ECF No. 17 at PageID 119–20); and (3) finding

that the state court could provide Plaintiff an adequate remedy under *Younger* (ECF No. 17 at

PageID 121).

These objections merit de novo review because Plaintiff supports each with facts, case

law, and citations to the record.  Further, these objections center around Plaintiff's disagreement

with a core issue in the R&R: whether *Younger* abstention applies; and if it does, whether a stay

or dismissal is the appropriate recourse.  The Court therefore finds it appropriate to review the

entire R&R de novo rather than using a piecemeal approach.  *Cf.* Fed. R. Civ. P. 72(b)(3) ("The

district judge must determine de novo any part of the magistrate judge's disposition that has been

properly objected to.").  But first, the Court addresses an apparent renewed request for injunctive

relief that Plaintiff raised in her objections.

4

### A.    Injunctive Relief

In the first set of objections, Plaintiff stated that she "formally withdraws her Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 11 at PageID 81.) It follows that the Motion is now **MOOT**.

But Plaintiff added a curious wrinkle to her second set of objections. She states "newly discovered evidence" supports her claims. (ECF No. 17 at PageID 120.) And based on this new evidence, she now seeks to "enjoin the state from further interference with Plaintiff's custodial rights until the pending exculpatory evidence . . . ha[s] been fully returned, entered into the record, and reviewed by this Court." (*Id.* at PageID 121.) Because Plaintiff now seeks a new injunction, the Court considers it here.

Courts may on their own raise the need to abstain from exercising jurisdiction. *See Hill v. Snyder*, 878 F.3d 193, 206 n.3 (6th Cir. 2017) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976)); *see also id.* at 204 (explaining that the *Younger* doctrine "permits federal courts to withhold authorized jurisdiction in certain circumstances to avoid undue interference with state court proceedings"). Relevant here is *Younger* abstention.[2] It "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971); *see Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The policies underlying *Younger* are fully applicable to

---

[2] With that said, the Court agrees with Judge Christoff that the domestic-relations exception likely applies to Plaintiff's claims. (ECF No. 10 at PageID 76.) *See Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) ("Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." (internal citation omitted)).

noncriminal judicial proceedings when important state interests are involved." (citations omitted)).

*Younger* abstention is fitting where (1) there are ongoing state judicial proceedings; (2) those proceedings implicate important state interests; and (3) the state proceedings provide an adequate remedy for the plaintiff to raise constitutional challenges. *Hill*, 878 F.3d at 206 (citation omitted). Each factor fully supports abstention here. As to the first and second factors, the Custody Proceeding is ongoing, and Tennessee has an important interest in custody matters. *Furr-Barry v. Underwood*, 59 F. App'x 796, 797 (6th Cir. 2003). As to the third factor, not only is Tennessee entitled to a presumption that its courts will provide an adequate forum to address Plaintiff's constitutional claims, *Middlesex*, 457 U.S. at 431, but Plaintiff may appeal the juvenile court's decision to Tennessee's higher courts.[3]  Tenn. Code Ann. § 37-1-159(c).

Because abstention is justified,[4] the Court **DENIES** Plaintiff's new request for injunctive relief. *See Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) ("Indeed, cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody." (citations omitted)).

---

[3] Plaintiff argues that she does not have an adequate opportunity to raise constitutional challenges in state court. (ECF No. 17 at PageID 121.) In support, she states that Tennessee's procedural rules prohibit interlocutory appeals. (*Id.*) But this argument misses the point. She can appeal the juvenile court's decision if she disagrees with that court's decision on her constitutional challenges. Tenn. Code Ann. § 37-1-159(c). And the third *Younger* factor is not met if a "state law clearly bars the imposition of the constitutional claims." *James v. Hampton*, 513 F. App'x 471, 475 (6th Cir. 2013) (quoting *Moore v. Sims*, 442 U.S. 415, 425 (1979)). So even if she cannot file an interlocutory appeal, nothing here shows that Tennessee law procedural bars her from asserting constitutional challenges in the Custody Proceeding.

[4] There are exceptions to *Younger* that include "bad faith, harassment, or flagrant unconstitutionality of the statute or rule at issue," yet none apply. *See Doe v. Univ. of Kentucky*, 860 F.3d 365, 371 (6th Cir. 2017); *Tindall v. Wayne Cnty. Friend of Ct.*, 269 F.3d 533, 539 (6th Cir. 2001) ("Such cases thus are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court[.]" (citations omitted)).

## DISPOSITION

The Court now reviews the R&R de novo.  The R&R recommends abstaining under *Younger* and dismissing the case for lack of subject matter jurisdiction.  (ECF No. 10 at PageID 78.)  For reasons already discussed, the Court agrees that *Younger* requires abstaining from the Custody Proceeding.

But does this finding require the Court to dismiss the case for a lack of subject matter jurisdiction?  On this point, the Court disagrees with the R&R—*Younger* abstention is a federal court's refusal to exercise its jurisdiction when "allowing a federal suit to proceed threatens 'undue interference with state proceedings.'"  *Aaron v. O'Connor*, 914 F.3d 1010, 1015 (6th Cir. 2019) (discussing *Younger* and stating that "[t]he abstention doctrines . . . assume jurisdiction but decline to exercise it in limited circumstances" (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)).  The doctrine does not deprive the Court of subject matter jurisdiction.  *See O'Neill*, 511 F.3d at 641 ("*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)).  *But see Squire v. Coughlan*, 469 F.3d 551, 558 (6th Cir. 2006) ("Because the district court must abstain under *Younger* and therefore lacks jurisdiction to hear Judge Squire's claim, her argument under *Parratt* is foreclosed.").

With that in mind, Plaintiff objects to dismissal.  She contends that because she no longer seeks an injunction, under *Carroll v. City of Mount Clemons*, 139 F.3d 1072, 1075 (6th Cir. 1998), the Court should stay her remaining claims for monetary damages rather than dismiss them.  (ECF No. 11 at PageID 81.)  Plaintiff raises a valid point.

7

On the one hand, it is proper for a district court abstaining under *Younger* to dismiss claims for injunctive and declaratory relief. *See Meyers*, 23 F. App'x at 206. But on the other hand, "[i]n the context of a complaint seeking 'both equitable [relief] and money damages,' as in this case, 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'" *James v. Hampton*, 513 F. App'x 471, 476 (6th Cir. 2013) (quoting *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010)). The reason for this distinction is "to protect against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claims in state court." *Carroll*, 139 F.3d at 1075–76.

As the *Carroll* court explained:

> The District Court's decision to abstain avoided duplication of legal proceedings, deferred to the state's sovereignty over its law, and respected the principles of comity inherent to our federalism. Given these considerations, the District Court's application of *Younger* abstention to the present case was proper.
>
> In the present case, however, the District Court should have stayed, not dismissed, Carroll's complaint. Requiring the District Court to stay rather than dismiss damages claims may be an empty formality under the facts of this case. The District Court may have nothing left to do but clear the case number off of its docket once the state proceedings conclude. If Carroll prevails on the merits of her case in the state proceeding, her federal damages claims will be precluded by the doctrine of res judicata . . . because Carroll's pending state counterclaim is essentially identical to her federal lawsuit. If Carroll loses on the merits of her case in the state proceeding, res judicata will also preclude her federal claims due to the state court's concurrent jurisdiction over those claims. Carroll's only relief from an adverse state judgment will be from Michigan's appellate courts. The only federal review available to her will then be from the United States Supreme Court on certiorari. Staying her damages claims on the federal docket thus will likely be "of little moment."

139 F.3d at 1075 (citations omitted); *see also Doe v. University of Kentucky*, 860 F.3d 365, 372 (6th Cir. 2017) ("The purpose of *Younger* abstention is to promote equity and comity and allow state officials to proceed with cases uninterrupted by the federal courts. As such, albeit not in the context of qualified immunity, we have consistently held that if a court abstains under *Younger*,

it should stay any claim for damages rather than evaluate the merits and dismiss the case."
(citations omitted)).

This word of caution rings true here. *See Meyers*, 23 F. App'x at 206 (concluding same).
The R&R focuses almost exclusively on injunctive relief even though Plaintiff also seeks
$50,000,000.00 in damages from Defendants for alleged constitutional violations.[5] So with the
claims for injunctive relief no longer on the table, the Court finds that screening the claim for
damages in the Complaint under 28 U.S.C. § 1915(e)(2) is more appropriate than outright
dismissal.[6]

To be sure, a screening may be "an empty formality under the facts of this case"—
Plaintiff's claims face an uphill battle and may not survive § 1915(e)(2) for several reasons. And
the Court hesitates before creating more work for our already busy Magistrate Judges. But given
Plaintiff's objection, the caselaw, and the remaining need to screen Plaintiff's Complaint on the
merits, the Court **MODIFIES** the R&R and **REFERS** this action back to Judge Christoff for
screening. *See Kalniz v. Ohio State Dental Bd.*, 699 F. Supp 2d 966, 975 (S.D. Ohio) (entering a

---

[5] Given the quick decision here and Plaintiff's related grievances between Defendants and the
Custody Proceeding, the Court understands why the R&R focused on injunctive relief.

[6] This statute—titled "Proceedings In Forma Pauperis"—provides that a court "shall dismiss the
case at any time" if it determines that the lawsuit is "frivolous or malicious; fails to state a claim
on which relief may be granted; or seeks monetary relief against a defendant who is immune
from such relief." 28 U.S.C. § 1915(e)(2); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)
("§ 1915(e)(2) applies [] to litigants who are proceeding IFP"). Section 1915(e)(2) screenings
can lead to dismissing claims because the Court lacks subject matter jurisdiction. *Cf. id.* ("A
district court may, at any time, sua sponte dismiss a complaint for lack of subject matter
jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the
allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of
merit, or no longer open to discussion.") (citation omitted)). But the R&R does not recommend
that the Court lacks subject matter jurisdiction because the Complaint is frivolous or otherwise
devoid of merit. It instead states that the Court lacks subject matter jurisdiction because it must
abstain under *Younger*. (ECF No. 10 at PageID 78.)

stay rather than dismissal).  *But see Couch v. Clay Cnty. Sheriff's Off.*, No. 6:23-42-KKC, 2023

WL 3168572, *3 (Apr. 28, 2023) (reasoning that "dismissal of the action on *Younger* abstention

grounds *may* be appropriate where the plaintiff seeks *both* damages and declaratory relief"

(emphasis added)).

## CONCLUSION

Having reviewed Plaintiff's objections and the R&R, the Court **MODIFIES** the R&R,

**DENIES** as **MOOT** Plaintiff's Motion for Temporary Restraining Order and Preliminary

Injunction (ECF No. 4), **DENIES** Plaintiff's second request for injunctive relief (ECF No. 17),

and **REFERS** Plaintiff's remaining claims (ECF No. 2 at PageID 9–10, Counts I–III) back to

Judge Christoff for screening under § 1915(e)(2).

**SO ORDERED**, this 13th day of May, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE